OPINION
Plaintiff-appellant the State of Ohio appeals from an order suppressing evidence upon the grounds that it was obtained as the result of an unlawful search. The State contends that the trial court erred when it found that a search warrant authorizing the search of a residence at 1749-1751 West Grand Avenue was not based upon probable cause, and that the trial court also erred in determining that the consensual search of a co-defendant's residence was the product of an unlawful arrest. We agree with the State. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I
Dayton police officers had previously obtained an "anticipatory" search warrant authorizing the search of 1749-1751 West Grand Avenue, where it was believed that marijuana was being sold, upon the condition that if a reliable informant were to successfully make a controlled buy of illegal drugs, or see illegal drugs, at that location, a search could be conducted. We have discussed the problem we have with that anticipatory warrant in our opinion deciding the appeal in the case of Martin's co-defendant, Roger Dean Nathan. State v. Nathan (November 16, 2001), Montgomery App. No. 18911, unreported. As in that appeal, the validity of the anticipatory warrant is not an issue in this appeal.
The earlier, anticipatory warrant was never executed. The day before that warrant was obtained, and after the observations of the confidential informant upon which it was based, the same informant, whose reliability was not established, contacted the police and stated that he or she had been inside the residence, and had observed a quantity of marijuana. The informant also reported having seen the same two suspects make several sales of marijuana, and purported to know that a large quantity of marijuana was due to arrive at any time.
On September 7, 2000, six days after the earlier, anticipatory search warrant was issued, Dayton police officers Phillips, House and Goodwill stopped at 1745 West Grand Avenue, a vacant, boarded-up building next door to the suspect location, to investigate the activities of two individuals sitting on the front porch. While they were investigating, they noticed the front door of 1751 West Grand Avenue being closed, and they saw two men matching the descriptions provided by the confidential informant running out the back door. These men got into a green Honda, and left at a high rate of speed.
After the men fled, Officer Goodwill, who had extensive experience with drug investigations, noticed the odor of raw marijuana. As he walked closer to 1751 West Grand, the odor got even stronger.
After the officers completed their investigation at 1745 West Grand, they returned to their cruisers, and were driving several blocks when they saw the green Honda in which the two suspects had left 1751 West Grand Avenue passing in the opposite direction. The officers initiated a traffic stop based upon the lack of a front license plate on the Honda. Martin and his co-defendant, Roger Nathan, were the occupants of the car.
No drugs or drug paraphernalia were found in the car, but Martin and Nathan were taken to a police station and interviewed. As soon as Martin was advised of his rights, he asked for an attorney and indicated he did not want to make any statement, at which point his interview concluded. Nathan did give a brief statement, and also signed a consent to search Nathan's residence, on Norman Avenue.
A new affidavit in support of a search warrant for 1749-1751 West Grand Avenue was prepared, and a search warrant was obtained, and promptly executed, on the evening of September 7, 2000. The evidence obtained during the execution of that search warrant has resulted in the indictment of Martin and Nathan for Possession of 20,000 Grams or More of Marijuana, accompanied with a firearm specification.
A motion to suppress was filed on behalf of Martin and Nathan, contending that evidence had been obtained as a result of an unlawful search and seizure. Following a hearing on the motion, the trial court ordered the suppression of evidence. From that order, the State appeals.
 II
The State assigns the following errors:
 THE TRIAL COURT ERRED IN DETERMINING THE SEARCH WARRANT OBTAINED ON SEPTEMBER 7, 2000 WAS NOT ISSUED UPON A SUFFICIENT SHOWING OF PROBABLE CAUSE TO BELIEVE EVIDENCE OF CRIMINAL ACTIVITY WOULD BE FOUND AT 1749-1751 WEST GRAND AVENUE. THE TRIAL COURT ERRED BY CONCLUDING THAT ALL EVIDENCE OBTAINED FROM THE TRAFFIC STOP AND THE SEARCH OF ROGER NATHAN'S APARTMENT MUST BE SUPPRESSED. THE LENGTH OF TIME APPELLEE WAS DETAINED AS A RESULT OF THE TRAFFIC STOP IS OF NO CONSEQUENCE SINCE THE OFFICERS HAD PROBABLE CAUSE TO ARREST APPELLEE FOR POSSESSION OF MARIJUANA IMMEDIATELY UPON INITIATING THE TRAFFIC STOP.
The State assigned exactly the same errors in its companion appeal in the case of Martin's co-defendant, Roger Nathan. The same panel of this court sustained both assignments of error in its decision in Nathan's appeal. State v. Nathan (November 16, 2001), Montgomery App. No. 18911, unreported. For the same reasons, we sustain the State's assignments of error in Martin's case. We do note, however, that even if we were to deem the consensual search of Nathan's residence to have been the product of Nathan's unlawful arrest, we question Martin's standing to complain. If Nathan were deemed to have been unlawfully arrested or detained, we can see that Nathan would have standing to complain that his consent to search his residence was the product of his unlawful arrest. However, we see no liberty interest of Martin's that would justify the exclusion of any evidence obtained as the result of the search of Nathan's residence. Even if Martin were deemed to have been unlawfully arrested or detained, it was not his arrest or detention that led to Nathan's consent to search Nathan's residence.
For all the reasons set forth in the opinion of this court in State v. Nathan, supra, both of the State's assignments of error are sustained.
 III
Both of the State's assignments of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
WOLFF, P.J., and GRADY, J., concur.